```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )    No. 4:08CR221 CAS
                             )              (FRB)
                             )
NEFTALI LOPEZ,               )
                             )
          Defendant.         )

**MEMORANDUM,
ORDER, REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing on the defendant's motions was held before the undersigned on April 30, 2008.

Defendant's Motions

    1.    Motion Of Defendant Neftali Lopez To Suppress Statements
           (Docket No. 94)

At the motion hearing counsel for defendant Neftali Lopez asserted that in discovery materials and agent reports provided to him by the government there are set out statements purportedly made by Lopez to law enforcement officers, and that it is those statements which are the subject of this motion.

In its written response to the defendant's motion, and again at the motion hearing on April 30, 2008, counsel for the government stated and represented to the court and to the defendant

that it did not intend to offer in evidence in its case in chief at trial any of the statements made by the defendant to any law enforcement officials, and specifically those set out in the discovery and reports which had been provided to the defendant and to which the defendant referred in his motion and at the hearing.

Therefore, the defendant's motion should be denied as moot.

   2.   Defendant's Motion For A Bill Of Particulars Pursuant To Federal Rules Of Criminal Procedure, Rule 7(f) (Docket No. 93)

In his motion the defendant requests the government to describe "how" certain offenses set out in the indictment were committed. At the motion hearing counsel for the defendant acknowledged that the government had provided extensive discovery materials which he had reviewed and acknowledged that the government had stated that yet additional discovery was shortly forthcoming. Counsel for the defendant stated that even after reviewing the discovery provided it was not clear to him "what is illegal" about the conduct of the defendant as alleged in the indictment.

The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent undue surprise at trial. United States v. Miller, 543 F.2d 1221, 1224 (8th Cir. 1976), cert. denied, 429 U.S. 1108 (1977). However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail or the government's

theory of the case. United States v. Largent, 545 F.2d 1039 (6th Cir. 1976); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982).

A review of the defendant's motion and of counsel's statements at the motion hearing show that what the defendant seeks is indeed for the government to disclose and explain its theory of the case. As set out above, it is not appropriate to require the government to do so.

The defendant also acknowledges that the government has provided extensive discovery in the case. "Full discovery also obviates the need for a bill of particulars." United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979).

The indictment in this case is sufficiently precise that it informs the defendant of the charge against him to enable him to prepare a defense, to avoid the danger of surprise at trial, and to plead his acquittal or conviction as a bar to further prosecution on the same offense. Wong Tai v. United States, 273 U.S. 77 (1927).

Therefore, the defendant's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion For A Bill Of Particulars Pursuant To Federal Rules Of Criminal Procedure, Rule 7(f) (Docket No. 93) is denied.

**IT IS HEREBY RECOMMENDED** that the Motion Of Defendant Neftali Lopez To Suppress Statements (Docket No. 94) be denied as moot.

The parties are advised that they have until **May 23, 2008,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2008.